[No. 18614.    Department Two.    August 14, 1924.]

D. A. PUGH, *Appellant*, v. H. J. DOUPE *et al.*,
*Respondents.*[1]

BILLS AND NOTES (76)—PRESENTMENT AND DEMAND—NECESSITY.
One who holds a check for nearly thirty days without presenting
it, until the bank becomes insolvent, cannot recover from the
drawer without establishing a promise to redeem the check, alleged
to have been given "as an I. O. U."

APPEAL (418)—REVIEW—FINDINGS AT LAW.  Findings will not be
disturbed on appeal where the evidence is evenly balanced and
does not preponderate against them.

PEMBERTON, J., dissents.

Appeal from a judgment of the superior court for
Pacific county, Hewen, J., entered December 31, 1923,
upon findings in favor of the defendants, in an action
on contract, tried to the court.  Affirmed.

*Fred M. Bond,* for appellant.

*Welsh & Welsh,* for respondents.

BRIDGES, J.—The plaintiff sought to recover a judg-
ment for five hundred dollars.  The case was tried to
the court without a jury.  Findings and judgment went
in favor of the defendants.

There is nothing but a question of fact involved in
this case.  The appellant testified that he had a check
made payable to himself for one thousand dollars, and
drawn on some eastern bank.  He lived at or in the
immediate neighborhood of Ilwaco, in Pacific county,
at which town the Southwestern Washington Bank was
in operation.  He had had trouble with that bank and
did not care to do business with it.  On the 14th of
August, 1923, he called at the respondents' place of
business and asked them to cash the check.  They op-

[1]Reported in 228 Pac. 301.

erated a store in Ilwaco and he did some business with
them. They did not have one thousand dollars in cash
on hand at that time but gave him five hundred dollars
and their check on the Southwestern Washington Bank
for the balance of five hundred dollars.

He further testified that at the time this check was
given, he informed respondents that he did not want to
get his money at the bank and it was agreed that he
might return the check to them at any time and they
would redeem it, and that the check was to act "as an
I. O. U." For these reasons, he did not cash the check,
but brought it to the respondents on August 2 and asked
them to redeem it. They then asked him to hold it until
the following Tuesday, when it would be redeemed. On
the following Tuesday, the Southwestern Washington
Bank closed its doors, and respondents refused to pay
the five hundred dollars, claiming that appellant should
have previously presented the check to the bank for
payment. Much of the plaintiff's testimony was sup-
ported by that of his wife and, to a certain extent, by
another witness. Appellant claims to have had these
transactions with the defendant J. H. Doupe.

Mr. Doupe, on behalf of the respondents, admitted
that appellant asked him to cash the one thousand dol-
lar check and, as an accommodation, he gave him five
hundred dollars in cash and issued to him the partner-
ship check for the balance of five hundred dollars, and
told him that the bank would cash the check whenever
presented; but denies that there was any arrangement
whereby the respondents were to redeem the check or
that they ever afterwards agreed to redeem it. Ap-
pellant knows that Mr. Doupe went to the bank
and got a part of the five hundred dollars, which
was paid in cash. At all times up until the closing of
the bank, the respondents had more than the sum of

five hundred dollars on deposit therein subject to check. When appellant came to their place of business on August 28, they refused to cash the check and informed him that he should present it to the bank on which it was drawn and get his money there. One or two other witnesses substantiated the testimony of Mr. Doupe.

We think the great weight of the testimony shows that, notwithstanding appellant did not have a friendly feeling for the Southwestern Washington Bank, he did try to have that institution cash the one thousand dollar check at a time prior to asking the respondents so to do, and that the bank would only take it for collection. It is undisputed that appellant carried the check drawn on the Southwestern Washington Bank from August 4 to about September 1, when that institution went into liquidation. It is apparent that, if he is entitled to recover, it is upon the alleged promise of the respondents to themselves redeem the check. The trial court found for the respondents on the facts.

From the printed record, it is difficult to determine which way the preponderance of evidence lies. It is about as equally balanced as will be found in any lawsuit.

It is not the rule that we will interfere with the court's findings on disputed facts unless we can determine that the preponderance of the evidence is with them; but the rule is that we will not interfere unless we can determine from the record that the preponderance of the evidence is against them. Having read the testimony, we cannot say that the court was wrong. On such close questions of fact, it is entirely proper that we do not interfere. For this reason the judgment is affirmed.

MAIN, C. J., FULLERTON, and MITCHELL, JJ., concur.

PEMBERTON, J., dissents.